IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cr. No. 13-1866 MV |
| | ) |
| ISAIAH DEAN TRUJILLO, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' SENTENCING MEMORANDUM

The United States respectfully submits the following Sentencing Memorandum in preparation for the sentencing hearing set for Thursday, January 8, 2015:

The pre-sentence report ("PSR") disclosed on September 24, 2014, as well as the addendum disclosed on November 21, 2014, correctly outline the application of the sentencing guidelines in this case. Specifically, the defendant's total offense level is 21, after acceptance of responsibility, and his criminal history category is I. PSR ¶ 140. Therefore, the defendant's advisory guideline imprisonment range is 37 to 46 months for the charges in the information. *Id*. In contrast, had the defendant proceeded to trial and been found guilty of the charges in the indictment, the defendant's total offense level would have been 40. PSR Addendum Correction #2. Combined with a criminal history category of I, the defendant would have faced a guideline imprisonment range of 292 to 365 months imprisonment. *Id*. Pursuant to the Federal Rule of Criminal Procedure 11(c)(1)(C) stipulation contained in the plea agreement filed on March 11, 2014, the Government and the defendant have agreed that a sentence of 96 months (8 years), a

sentence between the two ranges described above, is sufficient, but not greater than necessary, to comply with the goals set forth in 18 U.S.C. § 3553(a).

## I. Introduction.

On May 29, 2013, a federal grand jury charged the defendant with two counts of second degree murder in violation of 18 U.S.C. § 1111(a) and two counts of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). PSR Addendum Correction #2. The charges stemmed from a high-speed, roll-over vehicle crash on April 24, 2013 in which the defendant was the driver. PSR ¶¶ 8, 12. As a result of the crash, the defendant's girlfriend, Licia Chavez, and another friend, Rilda Vigil, were killed. *Id*. ¶ 11. Two other passengers, Lavonna Montoya and Clifton Veneno, both sustained serious bodily injuries. *Id*. ¶¶ 16, 17. All of the occupants of the vehicle, including the defendant, appear to have been drinking that evening. Id. ¶ 17. After the crash, the defendant submitted to a breath test. *Id*. ¶ 13. His blood alcohol content ("BAC") was .24 after the first test and .26 after the second. *Id*. Notably, approximately ten months earlier the defendant had been convicted in the Jicarilla Apache tribal court of driving while intoxicated. *Id*. ¶ 76. As a result, the defendant was charged with second degree murder in the deaths of Ms. Chavez and Ms. Vigil and two counts of assault resulting in serious bodily injury in light of the injuries to Ms. Montoya and Mr. Veneno. After a period of discovery, as well as negotiations between counsel for the defendant and the Government, a plea agreement was reached. On March 11, 2014, the defendant pled guilty to an information charging two counts of involuntary manslaughter in the deaths of Ms. Chavez and Ms. Vigil. PSR ¶ 1. The Government now urges this Court to accept the plea agreement and sentence the defendant to the agreed-upon 96 months imprisonment.

## II. Discussion.

In reaching the plea agreement, and specifically the 96-month sentence, the Government took in to account many different factors. Most important was the defendant's prior conduct related to alcohol and his tribal conviction for driving while intoxicated. When a defendant is charged with second degree murder as a result of a vehicular crash, the government must prove that the defendant engaged in "conduct which [was] reckless and wanton, and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001). The defendant undeniably has a tribal conviction for driving while intoxicated from July of 2012. PSR ¶ 76. However, unlike a state conviction for driving while intoxicated, tribal convictions can many times be difficult to prove up through tribal records, witnesses, or otherwise. While the Government would surely move forward with meeting its burden to prove the defendant's reckless and wanton behavior were this matter to go forward to trial, in light of this evidentiary hurdle, the agreement is appropriate as it reduces the government's risk at trial while still providing just punishment to the defendant for his offense.

Further, the defendant's young age and significant support of his family played a large role in the final agreed upon sentence. As this Court is aware, the defendant grew up in Dulce, New Mexico without significant guidance or support. This lack of foundation led to serious abuse of alcohol at a very young age and as is reflected in his significant tribal criminal history. However, based upon his compliance with his pretrial conditions, due in no small part to his third-party custodian, it now appears that the defendant has, to a significant extent, found the guidance and support he so desperately needed in his youth and formative years. Given these factors, a

3

96-month term of incarceration reflects the serious nature of the offense committed and will presumably deter the defendant from committing similar acts in the future. Finally, it is clear from the pre-sentence report that the defendant needs and will benefit from alcohol and substance abuse treatment, both while incarcerated and after he is released. Eight years will provide the defendant with consistent and regimented treatment that will hopefully prevent additional similar behavior in the future after he is released.

### III. Conclusion.

A sentence of 96 months (8 years) as provided for in the plea agreement is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and afford adequate deterrence. It will also serve to provide the defendant with substantial treatment in an effective and consistent manner.

WHEREFORE, the United States respectfully requests this Court to accept the plea agreement and to sentence the Defendant to the agreed-upon term of 96 months imprisonment.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

Electronically filed December 17, 2014
JENNIFER M. ROZZONI
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274

I hereby certify that on December 17, 2014, I filed the foregoing electronically through the CM/ECF system, which caused counsel for the Defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

      /s/
JENNIFER M. ROZZONI
Assistant United States Attorney