IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

               Plaintiff,

vs.                                    No. 1:13CR01866-001 MV

ISAIAH TRUJILLO,

               Defendant.

## SENTENCING MEMORANDUM

     Isaiah Trujillo, through his attorney, Alonzo J. Padilla, Assistant Federal Public Defender, submits this Sentencing Memorandum urging the Court to accept his Plea Agreement which was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The Plea Agreement entered into by the parties, if accepted by the Court, requires the imposition of a sentence of eight (8) years or 96 months. The sentence agreed upon is less than what Mr. Trujillo would be facing under the advisory Federal Sentencing Guidelines for the offense of involuntary manslaughter involving the loss of two lives. See ¶140 of the Presentence Report (hereinafter PSR). However, Mr. Trujillo also understands that if he had went to trial and had been convicted of the two counts of second degree murder, that he would be facing a guideline sentence in the range of 20 to 30 years. In asking the Court to accept the Plea Agreement entered in this case, counsel for Mr. Trujillo submits that the sentence agreed upon is reasonable and sufficient but not greater than necessary to comply with the sentencing goal set forth in 18 U.S.C. §3553(a). Although the victims'

families may not be in agreement with the Plea Agreement entered into by the government, it is the best way to provide closure for all of the parties while recognizing the loss of two women from Dulce who will be missed by their families. The agreed upon sentence also takes into consideration the progress Mr. Trujillo has made following his release from custody in August of 2013.

1.      Mr. Trujillo, it is sad to say, has had his troubles with the law since he was 14 years old. As the Court will note in reviewing Mr. Trujillo's prior criminal record, his first arrest at age 14 involved the possession and use of alcohol (PSR ¶85). Many, if not all of the remaining 16 arrests that occurred prior to turning 18, involved alcohol (PSR ¶¶86-101). Unfortunately, he received little if any treatment for his drinking problem and the lack of parental supervision during his formative years doomed him to become another tragic statistic arising from the use and abuse of alcohol by tribal members. His problem was compounded by the fact that Jicarilla tribal members receive a monthly stipend from the tribe which too often results in tribal members being consumed by alcohol, a sad fact of life where the unemployment rate is much higher than that of the general population. Furthermore, half of the stipend owed to juveniles is placed in trust and given to the tribal members when they turn 18 or 19, a practice that heightens the problem with alcohol related deaths and injuries. Mr. Trujillo troubles with the law increased after he fell in love with Lucia Chavez, a woman 13 years older than him (PSR ¶116). She brought to their relationship her own problems which included a long history of alcohol and cocaine abuse. The relationship between Isaiah and Lucia was further complicated by the presence of her four children who often had to be

cared for by her parents due to her problems with alcohol and cocaine. Although he loved Lucia, Isaiah had to accept her many emotional problems which included her own history of abuse from the father of her four children. She was also extremely jealous and insecure (PSR ¶116).

2.    This Court took a chance in August of 2013 when it released Mr. Trujillo to the custody of his family. From August of 2013 until the present, Mr. Trujillo has taken advantage of the support given to him by his family and probation; he has remained alcohol and drug free. During that period of time he has attended church on a frequent basis with his family and has participated in counseling provided both through Pretrial Services and the church he attends (PSR ¶6). More importantly, he has experienced the unrelenting support and love of his family who want him to succeed and who will be waiting for him when he gets out of prison.

3.    Mr. Trujillo's oldest sister must be applauded for bringing her family together, away from the dysfunctional daily life that is the "norm" on the Jicarilla reservation. Her own success highlights the potential that her brother can also attain if provided with the tools and motivation to remain sober. As a child and a young man, Mr. Trujillo, had little if any parental guidance (PSR ¶¶109, 112-113). Both of his parents were alcoholics. His father died in 2011 of cirrhosis of the liver; his mother stopped drinking two years ago after her move to Albuquerque. By leaving the reservation, Apolonia succeeded not only academically and professionally, but also by bringing her family together, away from the terrible influence of the reservation. At the present time, Apolonia Martinez, lives in a newly

3

purchased home with her mother, Ursula, and Mr. Trujillo. Her two sisters are in school and are also achieving success in their own ways. Counsel urges the Court to review the letters received from various family members, particularly the letter from Apolonia Martinez, who must be credited with successfully keeping her family together during these difficult times. She understands the problems experienced by Jicarilla Apache members and their ongoing struggle with alcoholism. As she states in her letter, Mr. Trujillo, is the last remaining male members of their extended family.

4.     Mr. Trujillo has been on pretrial release since August of 2013. He has complied with all conditions of his release and is thankful he was given this opportunity to be with his family. His success while on release emphasizes the need to look at rehabilitation as the primary sentencing factor to support the agreed upon eight year sentence. A longer sentence, which may satisfy the need for retribution, is simply not needed in this case as it appears clear that if Mr. Trujillo continues to receive necessary treatment for his alcohol problem, he should have no problem staying sober and out of trouble when he is released into the community.

5.     Regardless of how long Mr. Trujillo is sent to prison, he will wake up very morning with the guilt of knowing he was directly responsible for the death of his girlfriend and his aunt. If ever a person had a reason to start drinking again, it would be those daily memories and the guilt associated with them. However, Mr. Trujillo has not allowed that to happen and with the continued support of his family and probation when he completes his sentence, he will not fall back into the pattern that brought him before this Court. Not going

back to Dulce and staying with his family here in Albuquerque should provide him with the tools necessary to remain sober while also respecting his heritage as a proud Jicarilla Apache.

6.     On behalf of Mr. Trujillo, counsel respectfully urges this Court to accept the Plea Agreement entered in this case.

I HEREBY CERTIFY THAT on December 24, 2014, 2013, I filed the foregoing electronically through the CM/ECF system, which caused AUSA Jennifer Rozzoni and USPO Andrea Hernandez to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.


_____ */s/ Alonzo J. Padilla* _____

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489


__ *[Electronically filed on12/23/14]* __
ALONZO J. PADILLA, AFPD
Attorney for Defendant